UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ANGEL GARCIA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. SACV 13-00380-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Angel Garcia appeals from the denial of his application for Social Security benefits. On appeal, the Court concludes that the administrative law judge ("ALJ") gave specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician. The ALJ also stated sufficiently clear and convincing reasons to reject Plaintiff's testimony regarding his symptoms. Therefore, the Court affirms the ALJ's decision.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for SSI and disability insurance benefits alleging disability beginning January 11, 2009. In an unfavorable decision, the ALJ concluded that Plaintiff was not disabled because he could perform work

that exists in significant numbers in the national economy. Administrative Record ("AR") 15-23.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in failing to (1) properly consider the opinion of Plaintiff's treating physician, and (2) properly assess Plaintiff's credibility. See Joint Stipulation ("JS") at 5.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing, the Court may not substitute its judgment for that of the ALJ. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

///
///

# IV.
# DISCUSSION

### A. The ALJ Did Not Err in Refusing to Give Controlling Weight to the Opinion of Plaintiff's Treating Physician

Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinion of Plaintiff's treating physician, Dawn Hnat, M.D. See JS at 5. In a Medical Questionnaire dated July 22, 2011, Dr. Hnat provided the following opinions: Plaintiff suffered from rheumatoid arthritis and diabetes with peripheral neuropathy; Plaintiff's pain medication had a sedative effect; Plaintiff required bed rest throughout the day because of pain, fatigue, and joint swelling; Plaintiff could not perform any postural activities in a work setting; Plaintiff could not work at a sedentary job; Plaintiff's condition was not expected to improve; and Plaintiff was likely to miss three or more days of work per month due to his condition. AR 723-26.

An ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 404.1527(c)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must give specific and legitimate reasons supported by substantial evidence in the record when rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ provided legitimate reasons for refusing to give Dr. Hnat's opinion controlling weight, each of which is supported by substantial evidence in the record. First, the ALJ noted that Dr. Hnat failed to identify any specific

3

objective findings to support her opinion. AR 20 ("[W]hile she opines that the claimant has extreme limitations, she fails to identify specific objective findings which would remotely support these limitations."). The Commissioner may take into account whether a medical opinion is well supported in determining the weight to accord the evidence. See 20 C.F.R. 404.1527(c)(2); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (holding that ALJ properly rejected physician's opinion where it was conclusory and unsubstantiated by relevant medical documentation).

    Second, the ALJ noted that the only medical finding Dr. Hnat identified to support her opinion that Plaintiff was unable to work was "joint inflammation," a finding which could not be replicated by Dr. Enriquez, an examining physician. AR 20. If a treating professional's opinion is contradicted by an examining professional's opinion, which is supported by different independent clinical findings, the Commissioner may resolve the conflict by relying on the latter. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); see also Orn, 495 F.3d at 632 (explaining that ALJ may reject opinion of treating physician in favor of examining physician whose opinion rests on independent clinical findings). Because Dr. Enriquez's opinion was based upon his own independent examination of Plaintiff, the ALJ properly relied upon Dr. Enriquez's opinion in rejecting Dr. Hnat's. Similarly, Dr. Enriquez, the testifying medical expert, and the reviewing State Agency physicians all agreed that Plaintiff retained a significantly greater functional capacity than that found by Dr. Hnat. AR 42, 664-65, 667.

    Finally, the ALJ noted that Dr. Hnat's statement that Plaintiff spends 75% of his waking hours in bed was unsupported by any medical evidence in the record except for Plaintiff's subjective statements. AR 20. "[A]n opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have

themselves been properly discounted." <u>Andrews</u>, 53 F.3d at 1043 (citing <u>Flaten v. Sec'y of Health & Human Servs.</u>, 44 F.3d 1453, 1463-64 (9th Cir. 1995)); <u>accord</u> <u>Morgan v. Chater</u>, 169 F.3d 595, 602 (9th Cir. 1999). Because the ALJ determined that Plaintiff was not fully credible, as discussed in more detail below, the ALJ properly discounted the treating physician's opinion, which was in turn based upon Plaintiff's discredited statements.

Based on the foregoing, the Court concludes and finds that the ALJ offered specific and legitimate reasons for rejecting Dr. Hnat's assessment, each of which is supported by substantial evidence in the record. Therefore, reversal is not warranted on this issue.

**B.    The ALJ Properly Evaluated Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective symptom testimony. <u>See</u> JS at 13-14. To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. <u>Vasquez v. Astrue</u>, 572 F.3d 586, 591 (9th Cir. 2009) (citing <u>Lingenfelter</u>, 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. <u>Lingenfelter</u>, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester, 81 F.3d at 834)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id. (citations omitted).

The ALJ cited several reasons for finding that Plaintiff's subjective testimony was not entirely credible. First, the ALJ noted various inconsistencies between Plaintiff's testimony and other evidence in the medical record. For example, Plaintiff's claim that he was bedridden 75% of his waking hours was contradicted by his report to a nurse at Kaiser Permanente that he exercised at a "moderate to strenuous level" for up to 90 minutes per week. See AR 19 (citing AR 398). An ALJ may take into account the fact that a claimant's daily activities are inconsistent with his complaints of disabling pain. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f, despite his claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working."). In addition, the ALJ noted that Plaintiff never mentioned being essentially bedridden to any treating or examining source other than Dr. Hnat. See AR 19.

Additionally, the ALJ noted that Plaintiff's testimony that he sometimes required a walker to ambulate was undermined by the absence of any record of Plaintiff being prescribed a walker, or even any mention in the medical treatment records of Plaintiff using or needing a walker. See AR 19. Moreover, as noted by the ALJ, there was no mention of Plaintiff "having any significant gait limitations or abnormalities in his medical treatment records," and Plaintiff's gait was "described as entirely normal during his September 2010 consultative medical examination." AR 21 (citing AR 664). The ALJ properly considered that Plaintiff's claim that he sometimes required a walker was unsupported by any medical records or by any statements to medical providers. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008 (holding that ALJ may consider many factors in weighing a claimant's credibility, including "ordinary techniques of credibility evaluation, such as . . . prior inconsistent statements concerning the symptoms").

On appellate review, this Court does not re-weigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The written record reflects that the ALJ did just that. If the ALJ's findings are supported by substantial evidence, this Court may not engage in second-guessing. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). It was reasonable for the ALJ to rely on all of the reasons stated above, each of which is fully supported by the record, in rejecting Plaintiff's subjective testimony.

In sum, the Court finds that the ALJ reasonably and properly discredited Plaintiff's subjective testimony regarding the severity of his symptoms as not being fully credible. Reversal is not warranted on this basis.

///

///

# V.
# CONCLUSION

The ALJ's denial of Plaintiff's application for Social Security benefits was supported by substantial evidence in the record and contained no legal error. Accordingly, the Court AFFIRMS the Commissioner's decision.

Dated: November 7, 2013

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge